IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LYRIS AMEZCUA, | § | CV NO. 5:14-CV-1018-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| OCWEN LOAN SERVICING, LLC., | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen") (Dkt. # 3). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 3).

BACKGROUND

The instant motion arises out of a state Temporary Restraining Order that Lyris Amezcua ("Plaintiff" or "Amezcua") obtained to restrain Ocwen from foreclosing on her property located at 11 Bighorn Canyon, San Antonio, Texas 78258 (the "Property"). In her Application for Temporary Restraining Order, Amezcua alleges that, at some point, she began a loan modification process with

1

Ocwen.  (Dkt. # 1, Ex. A-2 at 1.)  Nevertheless, Ocwen scheduled the Property for a foreclosure sale on November 4, 2014.  (Id.)

On November 3, 2014, Amezcua filed suit in the 37th District Court of Bexar County seeking a Temporary Restraining Order and Temporary Injunction to prevent Ocwen from selling the Property at the November 4, 2014 foreclosure sale.  (Id.)  The court issued the Temporary Restraining Order and set a hearing on the Application for Temporary Injunction for November 17, 2014.  (Dkt. # 1, Ex. A-3 at 2–3.)

On November 14, 2014, Ocwen removed the case to this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Dkt. # 1.)  On November 21, 2014, Ocwen filed the instant Motion to Dismiss.  (Dkt. # 3.)  Amezcua did not file a response.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).

2

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

Ocwen argues that Amezcua pleads no legally cognizable claims and consequently has no basis to request injunctive relief or attorney's fees. (Dkt. # 3 at 3–5.) Specifically, Ocwen contends that Amezcua has not stated a cause of action in either contract or tort, and that her singular allegation of submitting a loan application does not impose any contractual or legal duties on Ocwen. (Id.)

At the outset, the Court notes that Local Rule CV-7 provides a party fourteen days to file a response to a motion to dismiss. W.D. Tex. Civ. R. 7(c), (e)(2). "If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." Id. Because Amezcua has not filed any response in this case, the Court is justified in granting the motion as unopposed. However, in the interest of thoroughness, the Court will address the merits of the Ocwen's Motion to Dismiss.

To secure a preliminary injunction, a plaintiff must demonstrate "(1) a

substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issue, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of the injunction will not disserve the public interest." Janvey v. Alguire, 647 F.3d 585, 595 (5th Cir. 2011) (quoting Bynum v. Landreth, 566 F.3d 442, 445 (5th Cir. 2009)).  Accordingly, a prerequisite of injunctive relief is a cause of action; without a viable claim, the court must dismiss the request for injunctive relief.  See Rodriguez v. Bank of Am., N.A., No. SA-12-CV-905-DAE, 2013 WL 1773670, at *13 (W.D. Tex. Apr. 25, 2013) (holding that the plaintiff's request for injunctive relief failed because the plaintiff had not pled a viable cause of action); Denman v. Wells Fargo Bank, N.A., No. 5:13-CV-11-XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013) (declining to extend injunctive relief when the plaintiffs failed to assert a cause of action against the defendant).

        Amezcua's Application for Temporary Restraining Order includes no explicit underlying causes of action.  Instead, Amezcua alleges:

> 2.  Owner has the Property under modification process, executed and signed already by all parties involved, and submitted with the abovementioned servicing company.  This modification would lead to renewed payments and satisfaction of Owner's debt with loan servicer.  Once modification is finalized, all parties will have settled in a satisfactory manner.
>
> 3.  The foreclosure sale will cause irreparable injury and harm to Applicant's ability to repay debts to creditors by interrupting the

> modification, and not allowing Applicant to preserve economic well being and provide the creditors with financial remuneration.
>
> 4. Applicant moves for temporary injunction to give both the Applicant and Ocwen Loan Servicing, LLC., the time to review the Applicant's modification with regards to the Property, and allow the applicant to move forward with said proposed modification, alleviating the pressure on Applicant, and allowing all debts to creditors to be satisfied.

(Dkt. # 1, Ex. A-2 at 1–2).

Although Amezcua has not pled any specific causes of action, a liberal construction of her request appears to assert claims for breach of contract, negligent misrepresentation, and breach of the duty of good faith and fair dealing. In its Motion to Dismiss, Ocwen contends that: (1) Amezcua fails to present allegations supporting a breach of contract claim; (2) Amezcua's submission of a loan application does not give rise to a tort claim; and (3) Amezcua has not alleged any wrongful acts or damage on the part of Ocwen.  (Dkt. # 3 at 4.)  The Court addresses Ocwen's arguments as applied to each potential claim.

I.      Breach of Contract

To succeed on a breach of contract claim under Texas law, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 140 (Tex. App. 2008); see also Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007).  Although

Texas law considers both oral and written contracts enforceable, a contract for a loan exceeding $50,000 is only enforceable if it is reduced to writing and signed by the party to be bound or that party's authorized representative.  Tex. Bus. & Com. Code § 26.02(b).

As far as the Court is aware, the only contract between the parties is the original Deed of Trust.  There is no indication or allegation that Ocwen breached that contract.  Amezcua's only allegation is that Ocwen moved forward with the foreclosure sale despite the pending loan modification.  (Dkt. # 3 at 4.) Amezcua states in her Application for Temporary Restraining Order that the purpose of the Order is to permit Ocwen time to review the proposed loan modification, which acknowledges that Ocwen had not yet agreed to any changed terms.  (Dkt. # 1, Ex. A-2 at 2.)  Such allegations are insufficient to show existence of a contract.  Accordingly, Amezcua has failed to state a breach of contract claim.

II.     Negligent Misrepresentation

To succeed on a claim of negligent misrepresentation, a plaintiff must show (1) the defendant made a representation "in the course of his business, or in a transaction in which he had a pecuniary interest; (2) the defendant suppli[ed] 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffer[ed] pecuniary loss by justifiably relying on

the representation." Gen. Elec. Capital Corp. v. Posey, 415 F.3d 391, 395–96 (5th Cir. 2005) (quoting Clardy Mfg. Co. v. Mar. Midland Bus. Loans, Inc., 88 F.3d 347, 357 (5th Cir. 1990)). In Texas, promises of future action are not actionable as negligent misrepresentation. See, e.g., Miller v. Raytheon Aircraft Co., 229 S.W.3d 358, 379–80 (Tex. App. 2007) ("[T]he plaintiff must . . . prove that the defendant misrepresented an existing fact rather than a promise of future conduct."); Ayers v. Aurora Loan Servs., LLC., 787 F. Supp. 2d 451, 456 (E.D. Tex. 2011) (holding that negligent misrepresentation is not a valid claim against promises of future conduct).

Amezcua has alleged neither misrepresentation nor loss. The loan modification that she suggests has not occurred; at most, the allegations are of a promise of future action, which is not cognizable as negligent misrepresentation. Accordingly, Amezcua has failed to state a claim for negligent misrepresentation.

III.    Breach of the Duty of Good Faith and Fair Dealing

Under Texas law, an implied duty of good faith and fair dealing only exists where there is a "special relationship" between parties, such as that between "insurers and insured, principal and agent, joint venturers, and partners." Cole v. Hall, 864 S.W.2d 563, 568 (Tex. App. 1993). Except in limited circumstances, a relationship between a mortgagor and mortgagee does not fall into the "special relationship" category. See UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.,

7

176 S.W.3d 595, 612 (Tex. App. 2005) ("Texas courts have found no special relationship between a mortgagor and a mortgagee . . . that would impose an independent common law duty of good faith and fair dealing."). Without any allegations of unique facts that would give rise to a special relationship, Ocwen can owe no duty of good faith and fair dealing. Accordingly, Plaintiff has failed to state such a claim.

Because Plaintiff has failed to plead any viable cause of action, her claim for injunctive relief must be dismissed. See Janvey, 647 F.3d at 595 (noting that a movant must establish, among other things, a likelihood of success on the merits to obtain a preliminary injunction); Rodriguez v. Bank of Am., N.A., 2013 WL 1773670, at *13; Denman v. Wells Fargo Bank, N.A., 2013 WL 1866580, at *2.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Dkt. # 3). Accordingly, Amezcua's claims are **DISMISSED.**

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, February 17, 2015.

_____
David Alan Ezra
Senior United States Distict Judge